**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**GEORGE W. TILMON IV**
**(Travis Co. # 1348824),**

                **Plaintiff,**

**-vs-**                                  **Case No.  A-14-CA-465-SS**

**THE STATE OF TEXAS, TRAVIS COUNTY,**
**SHERIFF GREG HAMILTON, R. JOHNSON,**
**DEPUTY LEGEH,[1] and SGT. BRATCHETT,**
                **Defendants.**

---

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE SAM SPARKS
          UNITED STATES DISTRICT JUDGE

       The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

       Before the Court are Plaintiff's complaint, the Motion for Summary Judgment filed by Defendants Hamilton, Leger, and Travis County [#26], and Plaintiff's response [#33].  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

       At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex.  Plaintiff's complaint is two-fold.  Plaintiff complains about

---

[1]  Defendants have identified this defendant as Deputy Leger.  The Court will refer to this defendant in this Report and Recommendation by the defendant's correct name.

his conditions of confinement and the treatment he received in the Travis County Correctional Complex after his last arrest on or about November 15, 2013.  In addition, Plaintiff complains of his pending criminal proceedings and all of the events leading up to his final arrest.

After consideration of Plaintiff's voluminous complaint, his complaint was severed into two complaints.  Plaintiff's claims relating to the conditions of his confinement and the treatment he has received in the Travis County Correctional Complex since his last arrest are contained in this case, Cause No. A-14-CV-465-SS.  The defendants related to the claims in this case are:  The State of Texas, Travis County, Sheriff Greg Hamilton, R. Johnson, Deputy Leger, and Sgt. Bratchett. The second case, Cause No. A-14-CV-499-SS, was opened for Plaintiff's claims regarding the events leading up to his final arrest and his pending criminal proceedings, and are addressed in a separate Report & Recommendation.[2]

<u>PLAINTIFF'S ALLEGATIONS</u>

As noted in the other Report and Recommendation, filed contemporaneously with this document, Plaintiff's complaint, including his declaration, totals 92 handwritten (though quite legible) pages. While the prose is perfectly coherent, the stories it tells are not always easy to follow. Even more difficult to decipher is the legal significance of the facts he relates.  Thus, rather than attempting to parse the 97 pages, in this section the Court simply lays out, in summary form, the allegations more or less as Plaintiff states them in the complaint.

---

[2]  The defendants related to the claims in the second case are:  The State of Texas, Travis County, Detective Schrider, Alan Wilson, Mark LNU, Kevin Lemoine, David White, Justin Rybacki, ADT Security Systems, and AT&T Wireless.

Plaintiff's final arrest occurred on November 15, 2013.  Prior to his arrest, Plaintiff was operating a landscape company, Serene Scenes, LLC.[3] According to Plaintiff, after his last arrest, he received a new charge for stalking.  Bail was set at $100,000, but bail was not available on Plaintiff's previous charges.  Plaintiff indicates he attempted to make contact with his attorney, Matt Shrum, but was unsuccessful.

While confined in jail, Plaintiff indicates he continued to work on his business planning, identifying social principles and rights and values for ethnic groups.  Plaintiff asserts he also identified his company's stance on rights of women and on drugs, alcohol, and tobacco.  In addition, Plaintiff claims he "work[ed] for website put together on eight limbs of yoga and the 'centers' of a man[']s soul."  Plaintiff also helped other inmates with their legal issues.  Plaintiff indicates he made several requests to the legal research department at the jail.  Plaintiff complains he experienced delays with his legal research.

Plaintiff next alleges he had sores on his body requiring medical attention.  According to Plaintiff, the nurses told him to wash them and leave them alone, so they would go away.  In January 2014, Plaintiff asserts his sores became inflamed and extremely painful.  Later, his sores became worse. During this time, Plaintiff admits he was receiving medical attention.  According to Plaintiff, he continued to submit a multitude of legal requests and began filing grievances with regard to medical, legal, and sanitation issues.

In January 2014, upon entering "Black History Month" choir practice, Sgt. Bratchett allegedly verbally harassed Plaintiff "based on her assumption that Mr. Tilmon was white and that

---

[3] Serene Scenes, LLC, was named as a plaintiff in this case.  On May 29, 2014, Serene Scenes was dismissed, because Plaintiff, a non-lawyer, cannot represent the interests of the company.

'really annoys' her."  Another sergeant allegedly pulled Plaintiff aside and continued to verbally assault him.  Plaintiff allegedly said, "this isn't working, I'm going home" and walked away.

Upon entering Building 12, the medium to maximum security facility, Plaintiff asserts he was frisked by Deputy Leger.  Subsequently, Leger "arrested" him by handcuffing him and escorting him down the hall.  Plaintiff accuses Deputy Leger of throwing him against the wall, asking a second deputy to assist him, and dragging Plaintiff down the hallway backwards in order to put him in lockdown.  Plaintiff described the force as extreme and asserts he was dragged right out of his shoes and experienced pain to his left wrist.

Plaintiff asserts he was placed in a conference room and his cuffs were removed.  Plaintiff alleges a sergeant told Plaintiff he was not in trouble but wanted a counselor to see him before he was released to his dorm.  According to Plaintiff, he spoke to a counselor a few hours later and was escorted to his "home" without cuffs or physical contact.  Upon his return, a dorm mate consoled him, he ate, and he returned to his normal routine by 6:00 p.m.  Plaintiff filed a grievance regarding the hallway incident.

Plaintiff apparently was charged with a disciplinary violation with regard to the choir practice incident.  According to Plaintiff, after a hearing, he was sentenced to "25 days in the hole."  Plaintiff indicates he appealed the disciplinary decision.  In addition, he continued to file multiple grievances.

On February 13, 2014, Plaintiff was released from solitary confinement to Building 1.  Plaintiff asserts he contacted his father and learned Shrum finally made contact, asking for a fee of $15,000.  Plaintiff continued to make numerous legal research requests.  In March 2014, Plaintiff

asserts Shrum asked the trial court to relieve him from his services and allow Plaintiff to proceed pro se.[4]

## DEFENDANTS' ALLEGATIONS

After consideration of Plaintiff's lengthy complaint, the Court ordered service upon Defendants Travis County, Sheriff Hamilton, and Defendant Leger.  These defendants assert, during a rehearsal for the Black History Program, Plaintiff was witnessed having a verbal disagreement with Sgt. Bratchett with regards to touching a computer in chapel.  When instructed to stop, they assert Plaintiff continued to operate the mouse on the computer and continued his argument with Bratchett. According to Defendants, Sgt. McAfee removed Plaintiff from rehearsal to speak with him and upon completion of the conversation, Plaintiff began to walk away from the officer.  When the officer instructed Plaintiff to stop, Plaintiff allegedly refused and continued to walk out of the chapel. Verbal commands were allegedly given to Plaintiff to stop on two occasions.  Defendants assert Plaintiff refused to comply both times.

According to Defendants, Plaintiff entered Building 12.  Sgt. Leger allegedly identified Plaintiff to Building 12 Control and was advised Plaintiff was sent back from chapel and needed to be escorted due to a disciplinary issue.  As Plaintiff was walking away, Defendant Leger allegedly ordered Plaintiff to stop and place his hands behind his back.  As Defendant Leger placed Plaintiff into handcuffs, Plaintiff allegedly became angry and stated, "Get your hands off me I am ex-military. Don't disrespect me like that."  Defendants assert, as Leger secured Plaintiff in handcuffs and began

---

[4]  According to the records of the Travis County District Court in Cause No. D-1-DC-13-100164, Shrum moved to withdraw because Plaintiff was unable to meet the financial commitment required by Shrum.  On April 18, 2014, Plaintiff waived his right to counsel, after being advised counsel could be appointed for him free of charge.  Before that, Plaintiff had already started filing pro se motions in his criminal case.

to escort Plaintiff back to "David Pod," Leger noticed Plaintiff becoming more agitated. According to Defendants, Plaintiff stated, "Take your hands off me, let me go, you can't assault me like this." Leger allegedly informed Plaintiff that due to his behavior and demeanor he would not let him go and he was going to escort Plaintiff back to his pod. At this time, Defendants assert Plaintiff began to flex his arms and tense his body. Leger allegedly asked Plaintiff to relax and Plaintiff stated, "Fuck you!" Defendants assert Plaintiff then began to quicken his pace as if he was going to pull away from Leger. According to Defendants, Leger immediately guided Plaintiff's body so that Plaintiff would face the hallway wall and Leger obtained assistance in transporting Plaintiff to the F-Pod multi-purpose room. Defendants attached a copy of the video of the incident to their summary judgment motion. [#26-4.]

Defendants Travis County, Sheriff Hamilton, and Deputy Leger argue they are entitled to summary judgment. With respect to claims against Travis County, Defendants argue Plaintiff failed to establish a policy, custom, or practice was a moving force behind the alleged deprivation of his constitutional rights. Defendants Hamilton and Leger assert their entitlement to qualified immunity. Defendant Hamilton argues he was not personally involved in the alleged constitutional violations and he cannot be held liable on a theory of respondeat superior. Defendant Leger argues Plaintiff's allegations are contradicted by the summary judgment evidence, which includes a video recording of the incident in question.

<u>DISCUSSION AND ANALYSIS</u>

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

The Court did not order service upon Defendants the State of Texas, R. Johnson or Sgt. Bratchett. Therefore, the Court will analyze Plaintiff's claims against these defendants pursuant to

28 U.S.C. § 1915(e).  An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.     Summary Judgment Standard

The Court ordered service on Defendants Travis County, Sheriff Hamilton, and Defendant Leger, and they now move for summary judgment.  A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996);  Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992).  When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.     Both movants and non-movants bear burdens of proof in the summary judgment process.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  The movant with the burden of

7

proof at trial must establish every essential element of its claim or affirmative defense.  Id. at 322.
In so doing, the moving party without the burden of proof need only point to the absence of evidence
on an essential element of the non-movant's claims or affirmative defenses.  Id. at 323-24.  At that
point, the burden shifts to the non-moving party to "produce evidence in support of its claims or
affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial."
Id. at 324.  The non-moving party must produce "specific facts" showing a genuine issue for trial,
not mere general allegations.  Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the
light most favorable to the party opposing summary judgment and indulge all reasonable inferences
in favor of that party.  The Fifth Circuit has concluded "[t]he standard of review is not merely
whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational
trier of fact could find for the non-moving party based upon the evidence before the court."  James
v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586)).  To the extent
facts are undisputed, a Court may resolve the case as a matter of law.  Blackwell v. Barton, 34 F.3d
298, 301 (5th Cir. 1994).

C.    Eleventh Amendment Immunity

The State of Texas is immune from suit.  The Eleventh Amendment provides that the State
of Texas, as well as its agencies, are immune from liability.  Kentucky v. Graham, 473 U.S. 159, 167
(1985).  In Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989), the Supreme Court
held that "neither a State nor its officials acting in their official capacities are 'persons' under
§ 1983."  Accordingly, Plaintiff's claims against the State of Texas should be dismissed without
prejudice for want of jurisdiction.

D.      Sgt. Johnson

Plaintiff contends Sgt. Johnson showed malicious indifference to issues brought to her office through the grievance process with regard to health, cleanliness, policy violations, assault and battery, and lack of due process.

Plaintiff has not stated a valid claim against Defendant Johnson.   Plaintiff does not have a constitutional right to have his grievances resolved to his liking.  Geiger v. Jowers, 404 F.3d 371, 373–74 (5th Cir. 2005).

E.      Sgt. Bratchett

Plaintiff alleges Sgt. Bratchett verbally assaulted him on two occasions.  Plaintiff contends Bratchett's "write up" caused him to be placed in solitary confinement.

Verbal abuse and threatening language and gestures do not give rise to a cause of action under § 1983.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).  In addition, being "written up" for a disciplinary violation is not a due process violation.  Plaintiff admits he was given a hearing with regard to his disciplinary case.

F.      Deputy Leger

Plaintiff accuses Defendant Leger of providing false information to his superiors about the incident after choir practice.  He also alleges Leger used excessive force against him in the hallway and then altered his account of the event to "snub out any attempt of Plaintiff to hold him accountable."

To the extent Plaintiff claims Defendant Leger filed a false disciplinary report against him, his claim fails.  Plaintiff has no right which protects him from being charged with a disciplinary offense. This is true regardless of the truth of the initial report.  Freeman v. Rideout, 808 F.2d 949,

952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984).  Accordingly, Plaintiff's claim against Defendant Leger is not cognizable, because Plaintiff has no constitutional protection from being wrongly charged with a disciplinary offense.

Plaintiff's excessive force claim also fails.  A pretrial detainee has a right not to be subjected to excessive use of force.  See Hudson v. McMillian, 503 U.S. 1, 5–10 (1992); Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993).  The question is whether the force is applied in a good faith effort to restore discipline or maliciously and sadistically for the very purpose of causing harm. Valencia, 981 F.2d at 1443–45.  There are five factors to consider in answering this question, including the extent of the injury suffered, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Id. at 1446 n. 29.

Plaintiff's version of events of the escort is clearly refuted by the video evidence.  The video recording of the incident in question shows Plaintiff being handcuffed and escorted by Defendant Leger, who escorted Plaintiff initially by holding on to his left arm and the handcuffs.  The video shows Plaintiff being guided and placed against the wall by Defendant Leger, who was assisted by another officer, after Plaintiff became uncooperative.  The video clearly shows Plaintiff was not thrown against the wall or dragged down the hall.

The summary judgment evidence in this case shows Plaintiff's injuries, if any, are de minimis.  Plaintiff's behavior was disruptive, necessitating the escort to lock-down.  In addition, the summary judgment evidence demonstrates the force used only included handcuffing and escorting, and was clearly not excessive or extreme; indeed, it was justifiable given the circumstances.  Finally, there is no evidence Leger acted maliciously or sadistically for the very purpose of causing harm.

10

Accordingly, Plaintiff has failed to establish excessive force was used against him by Defendant Leger.

G.    Sheriff Greg Hamilton

Plaintiff attempts to hold Sheriff Hamilton liable for actions of his Travis County employees. Plaintiff makes clear his claims are directed at Sheriff Hamilton in his supervisory capacity. However, supervisory officials cannot be held vicariously liable under § 1983 solely on the basis of their employer-employee relationship.  Monell v. Dep't of Soc. Serv., 436 U.S. 658, 693 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).  If a supervisor is not personally involved in the alleged constitutional deprivation, he or she may only be held liable if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Thompkins v. Belt, 828 F.2d 298, 303–04 (5th Cir. 1987).  Plaintiff has failed to allege a valid constitutional claim against Defendant Hamilton.

H.    First Amendment

Plaintiff generally alleges his First Amendment rights have been violated in an ongoing campaign of harassment "allowing/producing policy that by nature snub a defendant's ability to [be] free from retaliation for petitioning the courts and government to redress a grievance and do so in each event under the color of the state law."  Construing Plaintiff's allegations liberally, he may be asserting a claim of retaliation.

In order to state a valid claim for retaliation under § 1983, a prisoner must allege the following: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for the exercise of that right; (3) a retaliatory adverse act; and (4) causation.  Jones v. Greninger, 188 F.3d 322, 324-325 (5th Cir. 1999). The plaintiff must establish that "but for the

retaliatory motive the complained of incident ... would not have occurred." <u>Woods v. Smith</u>, 60 F.3d 1161, 1166 (5th Cir. 1995). Mere conclusory statements that retaliation occurred are not sufficient; "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" <u>Id.</u> (quoting <u>Jackson</u>, 864 F.2d at 1143 n.6).

Plaintiff's allegations of retaliation are conclusory and fail to allege that but for the alleged retaliatory motive, he would not have been disciplined. Moreover, Plaintiff does not name any particular defendant responsible for this claim.

I.      Access to Courts

Similarly, Plaintiff generally asserts he was denied access to courts due to the legal research he was provided while confined in the Travis County Correctional Complex. The United States Supreme Court has decided "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). The right of access to court applies to pretrial detainees confined in jail. <u>Walker v. Navarro Cnty. Jail</u>, 4 F.3d 410, 413 (5th Cir. 1993). Importantly, a county satisfies the duty with respect to indigent pretrial detainees by appointing attorneys to represent them. <u>Degrate v. Godwin</u>, 84 F.3d 768, 769 (5th Cir. 1996). A county must provide an adequate law library only if it fails to provide adequate assistance from someone trained in the law. <u>Green v. Ferrell</u>, 801 F.2d 765, 772 (5th Cir.1986); <u>Morrow v. Harwell</u>, 768 F.2d 619, 623 (5th Cir. 1985). Moreover, to succeed in a denial of access to court claim, an inmate must show

an actual injury.  Lewis v. Casey, 518 U.S. 343, 349-51 (1996).  He must show the denial frustrated or impeded his pursuit of a non-frivolous claim with arguable legal merit.  Id. at 352–53.

In the present case, Plaintiff does not allege any of the named defendants were personally involved in the legal research he was provided.  In addition, Travis County satisfied its obligation of providing Plaintiff with access to court by offering to appoint counsel to represent him in his criminal case.  Plaintiff declined and insisted on representing himself pro se.  While incarcerated in the Travis County Correctional Complex, Plaintiff has been able to prosecute both of his civil cases filed in this Court and has assisted countless Travis County inmates with their legal pursuits.  Plaintiff simply has not shown the denial of access to a law library or unlimited legal research frustrated or impeded his pursuit of a non-frivolous claim with arguable legal merit.  Accordingly, Plaintiff fails to allege a valid claim.

J.      Medical Claims

Plaintiff may also be challenging the medical care he received while confined in the Travis County Correctional Complex.  To succeed in this § 1983 action, Plaintiff must establish the defendants were deliberately indifferent to his serious medical condition, "an extremely high standard to meet."  Domino v. Tex. Dept of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).  An incorrect medical diagnosis is not sufficient to establish a claim.  Id. at 756. Also, disagreement with a course of medical treatment will not suffice.  See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's allegations do not state a constitutional claim for inadequate medical care against any of the named defendants.   Plaintiff has alleged no personal involvement of any of the named defendants with regard to his medical care.  Moreover, Plaintiff's own allegations establish he

13

received regular medical care for his sores and other ailments.  Accordingly, Plaintiff fails to allege a valid claim.

K.      County Liability

Plaintiff's claims against Travis County fail.  A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior.  Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).  The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right.  Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115 (1992).  Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage.  Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016 (1985).  A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy."  Pembaur v. Cincinnati, 475 U.S. 469, 481 (1986).

In this case, Plaintiff fails to allege a municipal policy was the moving force behind the alleged constitutional violations.  Plaintiff failed to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights, and his claims against the County fail.

L.      Supplemental Jurisdiction

Plaintiff may also be asserting state law claims.  Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action which

14

it has original jurisdiction that they form part of the same case or controversy.  However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction.  Because the dismissal of Plaintiff's federal claims is recommended, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any.

M .   Defendants' Counterclaim

Defendant Leger includes a counterclaim for attorney's fees pursuant to 42 U.S.C. § 1988 in his answer.  However, he did not move for summary judgment on the counterclaim.  As such, the Court cannot render a final judgment until the counterclaim is resolved.  In a suit to enforce § 1983, the court may, in its discretion, grant the prevailing party reasonable attorney's fees and related expenses. 42 U.S.C. § 1988(b); see Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd., 919 F.2d 374, 380 (5th Cir. 1990).  The court may award attorney's fees to prevailing defendants, in its discretion, if it determines that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Chrisriansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); Turton v. Garland Indep. Sch. Dist., 733 F. Supp. 1113, 1117 (N.D. Tex.1990) (Fitzwater, J.).  As it is unlikely that the Court will award such relief in this case, the defendant may wish to withdraw the counterclaim to enable the court to render a final judgment. If he does not do so, a final judgment will not be able to be rendered until the counterclaim is resolved by trial.

RECOMMENDATION

It is therefore recommended that Plaintiff's claims brought against the State of Texas be dismissed without prejudice for want of jurisdiction.  It is further recommended that the District

Court grant the Motion for Summary Judgment [#26] filed by Defendants Travis County, Hamilton, and Leger.  It is also recommended that Plaintiff's claims brought against Defendants Johnson and Bratchett be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e). It is also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any.  Finally, if the counterclaim for attorney's fees is not withdrawn by Defendant Leger, a trial should be scheduled.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

   To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

   SIGNED this 23rd day of March, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE